IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARCZAR LLC and<br>GEOVECTOR CORPORATION,<br><br>      *Plaintiffs*,<br><br> v.<br><br>YELP, INC.,<br><br>      *Defendant*. | Civil Action No. 2:12-cv-00639-JRG |

## DEFENDANT YELP INC.'S ANSWER TO
## PLAINTIFFS AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Yelp Inc. ("Yelp"), by and through its undersigned counsel, responds to Plaintiffs Arczar LLC's and Geovector Corporation's ("Plaintiffs") Amended Complaint (Dkt. No. 24) ("Complaint") as follows:

### PARTIES

1. Yelp lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and denies them on that basis.

2. Yelp lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint and denies them on that basis.

3. Yelp admits that it is incorporated in Delaware, that its corporate headquarters is at 706 Mission Street in San Francisco, California, and that National Registered Agents acts as Yelp's agent for service of process.

### JURISDICTION AND VENUE

4. To the extent Paragraph 4 contains Plaintiffs' legal conclusions, no response is necessary.  Yelp admits that Plaintiffs purport to plead a cause of action that arises under the

Patent Laws of the United States and that this Court, therefore, has subject matter jurisdiction.

5.  To the extent Paragraph 5 contains Plaintiffs' legal conclusions, no response is necessary. Yelp denies that venue is proper in this judicial district. Yelp admits that it provides a mobile application that can be downloaded from locations throughout the United States, including from this judicial district. Yelp denies the remainder of the allegations contained in Paragraph 5.

6.  To the extent Paragraph 6 contains Plaintiffs' legal conclusions, no response is necessary. Yelp admits that it provides a mobile application that can be downloaded from locations throughout the United States, including from this judicial district. Yelp denies the remainder of the allegations contained in Paragraph 6.

## COUNT 1

### (Infringement of U.S. Patent No. 6,037,936)

7.  Yelp admits that U.S. Patent 6,037,936 ("the '936 patent) is titled "Computer Vision System with a Graphic User Interface and Remote Camera Control," and that it was issued on March 14, 2000. Yelp denies that there were any exhibits attached to the Complaint. Yelp otherwise lacks sufficient knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 7 of the Complaint and denies them on that basis.

8.  Yelp lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint and denies them on that basis.

9.  Yelp denies the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 does not appear to contain any allegations requiring a response; however, to the extent that it does, Yelp denies any allegations contained in Paragraph 10 of the Complaint.

11. Yelp denies the allegations contained in Paragraph 11 of the Complaint.

## PRAYER FOR RELIEF

12. Yelp denies that Plaintiffs are entitled to any of the relief sought.

## GENERAL DENIAL

13. Yelp denies every allegation of Plaintiffs' Complaint that it has not expressly admitted or otherwise expressly addressed above.

## AFFIRMATIVE DEFENSES

14. Further answering the Complaint and as additional defenses thereto, Yelp asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiffs. Yelp reserves its right to file an amended answer asserting additional defenses, and/or to assert counterclaims as discovery progresses.

## FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of the '936 Patent)

15. Yelp has not infringed any claim of the '936 patent either directly, indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '936 Patent)

16. The claims of the '936 patent are invalid and unenforceable for failure to meet one or more of the conditions of patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Induced Infringement)

17. Plaintiffs' Complaint fails to state a claim for induced infringement because it does not plausibly allege that Yelp had knowledge of the '936 patent, actively induced a direct infringement of the '936 patent by a third party, specifically intended the third party to infringe,

and knew that the third party's actions constituted infringement.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Contributory Infringement)

18. Plaintiffs' Complaint fails to state a claim for contributory infringement because it does not plausibly allege that Yelp had knowledge of the '936 patent, sold a component used by a third party in practicing a patented invention, knew that any third party's actions constituted infringement, and that any sold component was especially made or adapted for use in an infringement and has no substantial non-infringing uses.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Willful Infringement)

19. Plaintiffs' Complaint fails to state a claim for willful infringement because it does not plausibly allege that Yelp had knowledge of the '936 patent prior to the filing of this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Marking and Notice)

20. Plaintiffs have failed to mark and give proper notice that Yelp's actions allegedly infringed the '936 patent in accordance with 35 U.S.C. § 287.  Yelp is not liable to the Plaintiffs for the acts alleged to have been performed before they received actual notice that their actions were allegedly infringing the '936 patent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Unavailable)

21. Plaintiffs are not entitled to an injunction because Plaintiffs have an adequate remedy at law and no basis exists for the grant of equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

22. Yelp is informed and believes, and based thereon alleges, that Plaintiffs' claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, acquiescence, unclean hands, and/or other applicable equitable defenses.

## NINTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

23. Yelp is informed and believes, and based thereon alleges, that Plaintiffs are barred or limited from recovery in whole or in part by the doctrine of claim construction estoppel and/or prosecution history estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

24. To the extent Plaintiffs seek damages for alleged infringement of the '936 patent more than six (6) years prior to the filing of this action, its claims are barred by the statute of limitations under 35 U.S.C. § 286.

## ELEVENTH AFFIRMATIVE DEFENSE

25. Yelp provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this Answer and to assert such additional defenses or, if appropriate, delete additional defenses as discovery proceeds, including the right to assert claims for inequitable conduct.

## REQUEST FOR RELIEF

WHEREFORE, Yelp respectfully requests:

1. That the Complaint be dismissed in its entirety, with prejudice;

2. That Plaintiffs take nothing by way of their Complaint;

3. A judgment that Yelp has not infringed the '936 patent and is not infringing the '936 patent;

4. A judgment that the '936 patent, and all claims thereof, are invalid;

5. That this case be declared exceptional pursuant to 35 U.S.C. § 285 based upon the conduct of Plaintiffs in commencing and pursuing this action; and

6. That Yelp be awarded its costs, attorneys' fees and such other and further relief as may be just and proper.

Dated: February 8, 2013   Respectfully submitted,

By: */s/ Darby V. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
HALTOM &DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone: 903-255-1000
Facsimile: 903-255-0800
Email: jdoan@haltomdoan.com
Email: ddoan@haltomdoan.com

Daralyn J. Durie
Jesse Geraci
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111-3007
Telephone: (415) 362-6666
Email: ddurie@durietangri.com
Email: jgeraci@durietangri.com

**ATTORNEYS FOR DEFENDANT YELP INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 8th day of February, 2013. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Darby V. Doan*
Darby V. Doan